UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBRA G. COSTA,

    Plaintiff,

v.                                                      CASE NO. 3:21-cv-455-JBT

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**[1]

**THIS CAUSE** is before the Court on Chantal J. Harrington's Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) ("Petition") (Doc. 28). For the reasons stated herein, the Petition is due to be **GRANTED**.

**I.  Background**

Ms. Harrington successfully represented Plaintiff in this appeal of an adverse decision by the Social Security Administration ("SSA"). (*See* Doc 28-2 at 1 & 8.) The case came before this Court, was reversed and remanded, and Plaintiff was ultimately awarded $80,417.90 in past-due benefits. (*See* Doc. 28 at 2; Doc. 28-3 at 4.) Ms. Harrington and Plaintiff had a fee agreement providing for attorney's fees equal to 25 percent of Plaintiff's past-due benefits. (Doc. 28-1.) Ms. Harrington requests $15,017.48 for a net attorney's fee, representing 25 percent

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 13 & 14.)

of the past-due benefits awarded to Plaintiff, minus the EAJA fee previously awarded in this appeal.[2]  (Doc. 28 at 2.)  Defendant does not oppose the Petition.  (*Id.* at 3.)

## II. Standard

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  "[T]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b) . . . ."  *Culbertson v. Berryhill*, 139 S.Ct. 517, 523 (2019).  "[A]n attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client . . . ."  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).  However, "the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request."  *Id.*

In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).  In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set

---

[2] This Court previously authorized a fee pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,087.01.  (*See* Doc. 26.)

2

> for successfully representing Social Security benefits claimants in court. Rather, [section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative reached," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or fees that "are large in comparison to the amount of time counsel spent on the case." *Id.* (citing cases that disallow "windfalls for lawyers").

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III.   Analysis

The retainer agreement for this federal court appeal provides that Plaintiff agreed to pay her attorney 25 percent of the past-due benefits awarded to her. (*See* Doc. 28-1.) Ms. Harrington requests a net fee award of $15,017.48, which

3

represents 25 percent of Plaintiff's past-due benefits less the EAJA fee already received. (Doc. 28 at 2–3.) The Commissioner does not object to the Petition. (*Id.* at 3.) Therefore, the Court finds the requested award is presumptively reasonable pursuant to *Gisbrecht*.

Moreover, the Court finds no reason for a reduction of the amount of the requested fee. With respect to the character of the representation and the results achieved, Ms. Harrington provided competent representation and achieved a favorable result. The Court reversed the Commissioner's decision, remanded the case to the Commissioner for further proceedings, and Plaintiff ultimately prevailed on remand. (*See* Docs. 23, 24, & 28-2 at 1 & 8.) Additionally, there is no indication of any undue delay caused by counsel.

Finally, the attorney's fee requested, which equates to an hourly rate of approximately $844.73 ($20,104.48/23.8 hours = approximately $844.73), does not result in a windfall to counsel.[3]  *See, e.g.*, *Foster v. Astrue*, No. 3:08-cv-960-HWM-JK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *6–7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee that amounted to $1,100 per hour as reasonable under § 406(b)); *Watterson v. Astrue*, No. 3:06-cv-369-J-HTS, 2008

---

[3] Ms. Harrington states that she spent 23.8 hours representing Plaintiff before this Court. (Doc. 28 at 2, *see also* Doc. 25-2.)

4

WL 783634, at *1–2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, No. 6:02-cv-458-ACC-KRS (Docs. 26 & 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to $1,116.11 per hour under § 406(b)). Thus, a reduction to prevent a windfall is not necessary.

Therefore, because the Court finds the requested amount reasonable, and because there is no reason to reduce the amount of the requested fee, the Petition will be granted and the Commissioner will be directed, pursuant to Section 406(b), to pay to Ms. Harrington the sum of $15,017.48 for attorney's fees.

Accordingly, it is **ORDERED**:

1. The Petition (**Doc. 28**) is **GRANTED**.

2. The Commissioner is directed to pay directly to Chantal J. Harrington, Esq., the sum of $15,017.48 for attorney's fees.

3. The Clerk of Court is directed to enter judgment accordingly.

**DONE AND ORDERED** in Jacksonville, Florida, on April 24, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record